**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4356**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAGIC C. NORMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00082-D-1)

Submitted:  January 24, 2018                    Decided:  January 30, 2018

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Magic C. Norman appeals the 24-month term of imprisonment imposed by the district court after revocation of Norman's supervised release. On appeal, Norman argues that the district court's reliance on his breach of the court's trust did not support the 13-month upward variance from the nonbinding policy statement range calculated under Chapter 7 of the Sentencing Guidelines and rendered his sentence plainly unreasonable. We affirm.

We review a sentence imposed as a result of a supervised release revocation "to determine whether [the sentence is] plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006) (internal quotation marks omitted). In doing so, we first consider whether the sentence is procedurally or substantively unreasonable. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *Crudup*, 461 F.3d at 438-39. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Slappy*, 872 F.3d at 207 (footnote omitted). The "sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id*. (brackets and internal quotation marks omitted). If we find the revocation sentence unreasonable, we must consider "whether it is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id*. at 208 (brackets and internal quotation marks omitted).

2

We have reviewed the record on appeal with these standards in mind. The district court properly considered Norman's breach of the court's trust in determining his revocation sentence. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2016); *United States v. Bennett*, 698 F.3d 194, 202 (4th Cir. 2012) (recognizing that breach of trust is "a perfectly appropriate basis—and, in fact, the principal basis on which the Guidelines encourage courts to ground revocation sentences"). In addition to Norman's breach of the court's trust, the district court considered the seriousness of each of Norman's supervised release violations but did not take into account the events surrounding his arrest for resisting a public officer. We conclude that the sentence imposed by the district court is reasonable.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*