**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4680**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

TERESA CAROL OAKES,

       Defendant - Appellant.

**No. 17-4681**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

TERESA CAROL OAKES,

       Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:10-cr-00047-JPJ-PMS-2; 1:11-cr-00041-JPJ-PMS-1)

Submitted:  April 25, 2018                                     Decided:  May 9, 2018

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Rick A. Mountcastle, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Teresa Carol Oakes appeals the district court's judgment revoking her supervised release and sentencing her to 24 months' imprisonment. Oakes argues that her revocation sentence is plainly procedurally unreasonable because the district court failed to adequately address her argument that her violations were due in part to her mental health problems, and that she had tried in good faith to obtain mental health treatment. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release," and we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 206-07 (4th Cir. 2017) (internal quotation marks omitted). We review revocation sentences for both procedural and substantive reasonableness. *Id.* at 207. A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained the chosen sentence. *Id.*

> [A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed. . . . [W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied.

3

*Id.* at 208-09. Ultimately, the district court "must provide enough of an explanation to assure this Court that it considered the parties' arguments and had some basis for choosing the imposed sentence." *Id.* at 210.

Oakes contends that her 24-month revocation sentence is plainly unreasonable because the district court failed to address her argument that she should have been sentenced to 3 months—at the low end of the advisory policy statement range—because her violations were caused by her mental health problems. We conclude that the revocation sentence is not plainly unreasonable. The district court correctly calculated the policy statement range, considered the relevant § 3553(a) factors, and explained that in light of Oakes' continuing use of illegal drugs and her lack of amenability to supervision, a sentence of 24 months with no supervision to follow was appropriate. Although Oakes contends she was not to blame for her failure to attend mental health treatment, the court found her explanations for her conceded failure insufficient. Furthermore, her argument that her drug use was justified by her need to self-medicate due to the unavailability of mental health care is undercut by the fact that she also failed to attend mandatory substance abuse treatment sessions. Given the district court's broad discretion to fashion a revocation sentence, Oakes' sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and oral argument would not aid the decisional process.

*AFFIRMED*