**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4185**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL BONSU,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:14-cr-00121-JAG-DJN-4)

Submitted:  August 12, 2019                        Decided:  August 21, 2019

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Michael C. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bonsu appeals the 24-month sentence imposed following the district court's revocation of his supervised release. On appeal, Bonsu challenges both the procedural and substantive reasonableness of his sentence. For the reasons that follow, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* (internal quotation marks omitted).

Contrary to Bonsu's claims on appeal, our review of the revocation hearing confirms that the district court adequately addressed Bonsu's request for in-patient corrective

2

treatment, properly considered his history of assaultive conduct, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e) (2012), and fully explained why a sentence within the 5- to 11-month policy statement range was insufficient to satisfy the goals of sentencing. In addition, the court made clear that, despite Bonsu's redeeming qualities, his repeated supervision violations warranted the statutory maximum sentence of 24 months' imprisonment. Thus, we conclude that the district court did not abuse its broad discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*