**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4020**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON CARDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00152-FL-1)

Submitted: August 22, 2019                    Decided: August 26, 2019

Before KING and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leza Lee Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Cardez appeals from the 24-month sentence imposed upon revocation of his supervised release. Cardez argues that his revocation sentence is procedurally unreasonable because the district court failed to provide an adequate explanation for sentencing him at the statutory maximum and failed to address his arguments. We disagree.

In 2015, Cardez pled guilty to felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to 28 months in prison followed by 3 years of supervised release. Cardez's period of supervised release began on June 2, 2017. Almost immediately, Cardez violated the terms of supervised release by testing positive for marijuana. The district court continued Cardez on supervised release. Approximately a month later, Cardez again tested positive for marijuana, and the district court continued his supervised release. In September 2017, Cardez was arrested, and in March 2018 pled guilty in North Carolina state court to breaking and entering a motor vehicle, misdemeanor larceny, larceny of a motor vehicle, felony larceny, and possession of a stolen vehicle. He admitted that this criminal conduct violated the terms of his supervised release. The district court revoked his supervised release and sentenced him to the statutory maximum 24 months in prison.

"[W]hen this Court examines a revocation sentence, we take a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v.*

2

*Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citations, brackets, and internal quotation marks omitted).

> A revocation sentence passes procedural muster if it is supported by a sufficient explanation so that we may effectively review the reasonableness of the sentence, which must encompass an assurance that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing.

*United States v. Gibbs*, 897 F.3d 199, 203 (4th Cir. 2018) (citations, brackets, and internal quotation marks omitted).

The district court determined that the Sentencing Guidelines advisory policy statement range of 8 to 14 months of imprisonment did not sufficiently account for either the nature and circumstances of Cardez's conduct or his history. The district court described Cardez's conduct as an "egregious breach of trust," meriting a 24-month sentence, and considered the applicable statutory sentencing factors. The district court's consideration of Cardez's arguments concerning his mental health condition and addiction is verified by its recommendation that he receive mental health treatment. We conclude that the court's explanation was sufficient. Cardez's sentence therefore is not plainly unreasonable, and we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*