**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4010

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LACRESHA JANELLE SLAPPY,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:06-cr-00050-F-3)

Argued: May 10, 2017                     Decided: September 22, 2017

Before GREGORY, Chief Judge, and SHEDD and WYNN, Circuit Judges.

Vacated and remanded by published opinion. Chief Judge Gregory wrote the majority opinion, in which Judge Wynn joined. Judge Shedd wrote a dissenting opinion.

**ARGUED:** Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Donald Russell Pender, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

GREGORY, Chief Judge:

Defendant-Appellant Lacresha Janelle Slappy appeals her thirty-six month sentence, which the district court imposed after revoking Slappy's term of supervised release. Slappy argues that her revocation sentence is plainly unreasonable because the district court failed to address her nonfrivolous arguments in favor of a within-range sentence or to sufficiently explain why it imposed the statutory maximum sentence. We agree, and for the reasons that follow, we vacate Slappy's revocation sentence and remand for resentencing.

I.

In 2006, Slappy pleaded guilty to armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a) and (d) and § 2. On July 18, 2007, the district court sentenced Slappy to 107 months of imprisonment, followed by five years of supervised release, as well as $16,192 in restitution. Slappy served her term of imprisonment, and on September 30, 2014, she began serving her term of supervised release.

In February 2015, Slappy's probation officer filed a Petition for Action on Supervised Release, which stated that Slappy had violated the terms of her supervised release by submitting urine screens that on two occasions tested positive for the use of cocaine. J.A. 21. According to the Petition, Slappy stated that she was having a hard time adjusting to her release from prison and bonding with her children. J.A. 21. She was otherwise in compliance with the terms of her release by participating in a Relapse Prevention Group, seeing a therapist weekly to address substance abuse and mental

2

health issues, and making regular payments on her restitution. J.A. 21, 29. The district court ordered Slappy to serve a weekend in prison and participate in a cognitive behavior program.

On October 27, 2015, Slappy's probation officer submitted an Amended Motion for Revocation on Offender Under Term of Supervised Release, alleging that Slappy committed the following violations: (1) engaged in criminal conduct (arrested for theft of a pair of shoes from a Nordstrom in Baltimore County, Maryland, and released on bond); (2) failed to report for seven urine screens; (3) used a controlled substance (marijuana); (4) left the judicial district without permission (based on Maryland theft charge); and (5) absconded from supervision (probation officer could not reach Slappy by phone or at her residence for three weeks). J.A. 23–24.

At the revocation hearing, Slappy did not contest violations one, two, or five, and admitted violations three and four. J.A. 27. Although the Government began to proffer evidence of all five alleged violations, the court stated, "I'm not going to find that she's violated but 3 and 4." J.A. 29. The parties agreed that violations three and four were both Grade C violations with a recommended sentence of seven to thirteen months of imprisonment under the Sentencing Guidelines' Chapter Seven policy statements, and that the statutory maximum sentence was thirty-six months of imprisonment. J.A. 29, 32; *see also* U.S. Sentencing Guidelines Manual § 7B1.4(a) (U.S. Sentencing Comm'n 2015).

Slappy requested a revocation sentence of thirteen months of imprisonment, followed by termination of her supervised release, based on her post-incarceration

3

conduct and attempts at rehabilitation. J.A. 29–31. As she explained at the revocation hearing, following her release from custody on her 107-month sentence, she resided in a halfway house and worked at a fast food restaurant. J.A. 30. She also participated in New Hanover's Scared Straight program, which allowed her to share her experiences with the youths in the program. J.A. 30. According to Slappy's counsel, the director of the program said Slappy was quite effective, and that he gave her a lot of autonomy and would bring her the "hardened youth . . . because she seems to be able to get through to them." J.A. 30. And a local news station interviewed Slappy for a documentary on prostitution and female drug users. J.A. 30. All of this, her counsel argued, helped Slappy gain "a lot of insight" and "start[] to look over her own life to figure out what [she] can do better," and that ultimately, "the fact that she's contributing to society in this way certainly shows us that she has." J.A. 30–31. Slappy addressed the court and explained that she had only left Wilmington because she felt she was in some danger, and that when she tried to explain that to her probation officer, she was not taken seriously. She said she otherwise would not have left, because she "was doing good." J.A. 31.

The Government asked the court to impose the statutory maximum sentence of thirty-six months of imprisonment. The Government recounted Slappy's criminal history, including three convictions for assault, one conviction for communicating a threat, a "resist, delay, and obstruct" conviction, and one conviction for raising a false fire alarm after she pulled a prison fire alarm and activated the sprinkler system. J.A. 32. The Government also recounted at length the conduct underlying her bank robbery conviction, for which Slappy was then serving the term of supervised release.

4

The Government further noted that when this bank robbery occurred, Slappy already had thirteen state convictions, had violated her probation five times, and had committed some of her crimes while out on bond for prior charges. And, the Government added, the five violations at issue all occurred less than a year after her release from her 107-month sentence on the bank robbery conviction. J.A. 33. The Government argued that "[b]ased on [Slappy's] history and characteristics," as well as "the need to protect the public from any further crimes of the defendant, and the need to promote the respect for the law," the statutory maximum was "the only sentence that's sufficient, but not greater than necessary." J.A. 34.

Slappy's counsel argued that Slappy had already been punished for her role in the bank robbery. Her counsel requested that the court consider only the currently alleged violations, which were "nowhere near any of the priors" that the Government had described. J.A. 34–35. Slappy herself reiterated that she had made significant attempts to try and help society through her involvement in community programs and asked that the court consider that in imposing a revocation sentence. J.A. 35–36.

Without addressing these arguments, the district court then sentenced Slappy to the statutory maximum of thirty-six months of imprisonment, stating only that

> [t]he Court finds as a fact that the defendant has violated the terms of the conditions of the judgment by using a controlled substance, by leaving the judicial district without permission of The Court or Probation Officer. The Court has considered policy statements contained in Chapter 7 of the United States Sentencing Guidelines as well as the relevant factors listed in 18-USC-Section 3553(a) and weighed all these factors. Therefore, it is the Order of The Judge that the supervision (inaudible) granted be revoked. This defendant is ordered committed to the custody of the Bureau of Prisons for a period of 36 months. This sentence is imposed to afford

5

adequate deterrence to criminal conduct imposed to the law rather than the defendant's use of (inaudible) is a threat to society. It's further ordered that the (inaudible). Ms. Slappy was released from the Bureau of Prisons on September 30, 2014, at which time her supervised release commenced. Since her release, she has submitted four positive drug screens for use of illegal drugs, failure to participate in a urinalysis as directed, incurred new criminal charges, and absconded from supervision. It is evidenced by her behavior that she doesn't respect The Court, and supervision based on a non-compliant behavior. This sentence is imposed.

J.A. 36–37.

Slappy timely appealed her revocation sentence.


II.

A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013); *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). Accordingly, when this Court examines a revocation sentence, we "take[] a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (quoting *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Webb*, 738 F.3d at 640 (quoting *Crudup*, 461 F.3d at 438). And even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless. *See Thompson*, 595 F.3d at 548.

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *Id.* at 546.

6

In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438–39. A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements[1] and the applicable 18 U.S.C. § 3553(a) factors.[2] *Thompson*, 595 F.3d at 546–47. And a revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440.

As we have held in the context of original sentences, "'[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' than that set

---

[1] These statements instruct, among other things, that when imposing a revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2015).

[2] These include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) the sentencing range established by the Guidelines; (4) the Sentencing Commission's pertinent policy statements; (5) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and" (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7); *see also* 18 U.S.C. § 3583(e) (listing applicable § 3553(a) factors).

7

forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)). If the court determines that a sentence outside the advisory range is appropriate, it is "uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007). The requirements that a district court meaningfully respond to the parties' nonfrivolous arguments and sufficiently explain the chosen sentence are intended "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* And although the "court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still 'must provide a statement of reasons for the sentence imposed.'" *Thompson*, 595 F.3d at 547 (quoting *Moulden*, 478 F.3d at 657).

Only if we find a revocation sentence unreasonable do we consider "whether it is 'plainly' so, 'relying on the definition of "plain" [used] in our "plain" error analysis'— that is, 'clear' or 'obvious.'" *Moulden*, 478 F.3d at 657 (quoting *Crudup*, 461 F.3d at 439). If a revocation sentence—even an unreasonable one—is not "plainly unreasonable," we will affirm it.

Slappy contends that her revocation sentence is procedurally unreasonable because the district court failed to address her nonfrivolous arguments in favor of a sentence within the policy statement range or to sufficiently explain why it was upwardly departing from the policy statement range and imposing the statutory maximum sentence.

8

Appellant's Br. 14–16.  The Government counters that the court provided a sufficient explanation, based on all the relevant factors, for imposing the maximum sentence, and that it was not required to address Slappy's mitigating evidence if it "was simply not convinced that a lower sentence was appropriate."  Appellee's Br. 17.

We agree with Slappy that the district court's failure to address her arguments in favor of a within-policy-statement-range sentence constitutes procedural error.  Slappy presented detailed, nonfrivolous evidence of her positive employment history, her efforts at rehabilitation, and her voluntary service to her community, and the court did not so much as mention her arguments when it imposed the statutory maximum.  This Court in *Carter*, relying on the Supreme Court's holding in *Rita*, made clear that when imposing an original sentence, the district court must address these types of arguments, and if it rejects them, it must explain why.  *Carter*, 564 F.3d at 328 (citing *Rita*, 551 U.S. at 357). It is true that both *Rita* and *Carter* dealt with original sentences under the Guidelines, rather than revocation sentences under the Guidelines' advisory policy statements.  But as we previously stated, we generally apply the same principles to original and revocation sentences, *Crudup*, 461 F.3d at 438–39, and what is more, both the Guidelines themselves and their policy statements are advisory.  We therefore find these cases' reasoning instructive in determining the reasonability of a revocation sentence.

Accordingly, we apply *Carter* here and hold that a district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural

9

reasonableness of the revocation sentence imposed.[3]  We continue to recognize that a

court's statement of reasons for imposing a revocation sentence "'need not be as specific

as has been required' for departing from a traditional guidelines range."  *Moulden*, 478

F.3d at 657 (quoting *Crudup*, 461 F.3d at 439).  But where a court entirely fails to

mention a party's nonfrivolous arguments in favor of a particular sentence, or where the

court fails to provide at least some reason why those arguments are unpersuasive, even

the relaxed requirements for revocation sentences are not satisfied.

---

[3] Our holding is aligned with the practice of several of our sister circuits.  *See, e.g.*, *United States v. Thornhill*, 759 F.3d 299, 311 (3d Cir. 2014) ("[A] court may not . . . ignore a colorable argument raised by a party [at a revocation hearing] if it concerns the applicability of one [of] the § 3553(a) factors."); *United States v. Whitelaw*, 580 F.3d 256, 261–62 (5th Cir. 2009) (recognizing in the revocation context *Rita*'s requirement that the court address nonfrivolous arguments for imposing a different sentence); *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (holding, in the context of a revocation sentence, that "[t]he district court must provide a clear explanation of why it has either accepted or rejected the parties' arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines").  It is also consistent with our approach in numerous nonbinding, unpublished decisions.  *See, e.g.*, *United States v. Mattocks*, No. 15-4683, 2017 WL 715819, at \*1 (4th Cir. Feb. 23, 2017) (finding a revocation sentence procedurally unreasonable where "the district court failed to address [defendant's] nonfrivolous argument that a lower sentence was warranted"); *United States v. Tate*, 582 F. App'x 173, 175 (4th Cir. 2014) (finding revocation sentence procedurally unreasonable based on "the court's omission of any explanation for its chosen sentence"); *United States v. Chaimowitz*, 554 F. App'x 135, 138 (4th Cir. 2014) (finding revocation sentence procedurally unreasonable where court's "statements were plainly inadequate to demonstrate its meaningful consideration of [defendant's] nonfrivolous sentencing arguments"); *United States v. Fisher*, 514 F. App'x 324, 329 (4th Cir. 2013) (finding revocation sentence "procedurally unreasonable because the district court failed to address any of [defendant]'s specific arguments raised at the . . . revocation hearing"); *see also Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006) (noting that unpublished decisions "have no precedential value," and adding that "they are 'entitled only to the weight they generate by the persuasiveness of their reasoning'" (citing *Hupman v. Cook*, 640 F.2d 497, 501 & n.7 (4th Cir. 1981))).

What is more, the court's failure to address Slappy's nonfrivolous arguments in favor of a within-range sentence was compounded by its failure to explain why it was necessary to impose the statutory maximum sentence. As we have previously stated, "For a sentence to be procedurally sound, a district judge must also consider the factors outlined in 18 U.S.C. § 3553(a) and 'articulate the reasons for selecting the particular sentence, especially explaining why [any] sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).'" *United States v. Helton*, 782 F.3d 148, 151–52 (4th Cir. 2015) (quoting *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006)). The court here did state that Slappy's sentence was "imposed to afford adequate deterrence to criminal conduct," and that it was based on "evidence[] . . . that she doesn't respect The Court." J.A. 36–37.[4] But at no point did the court mention the policy statements' advisory range of seven to thirteen months of imprisonment, nor did it explain why it was imposing the statutory maximum, rather than some other sentence. Indeed, from this record, it is not clear that the court even considered the relevant advisory range; prior to imposing the sentence, the court's only remark regarding a potential revocation sentence was to ask the Government, "You're asking for 36 months?" J.A. 35.

---

[4] In support of this conclusion, the court pointed to all five of Slappy's alleged violations of her supervised release. J.A. 36. But at the start of the hearing, the court said that it would only find that she had committed two of the alleged violations—use of a controlled substance and leaving the district without permission. J.A. 29. The parties do not argue, nor do we consider, the legal significance of this apparent mistake—suffice it to note that it rendered an already procedurally flawed hearing even more problematic.

11

Because the court failed to address Slappy's nonfrivolous arguments in favor of a within-range sentence or to explain why the statutory maximum sentence was necessary, we find that Slappy's revocation sentence is procedurally unreasonable. We therefore must determine whether Slappy's sentence is *plainly* unreasonable, meaning that it "run[s] afoul of clearly settled law." *Thompson*, 595 F.3d at 548. This Court has unequivocally held that "the district court's obligation to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be, has been settled in this Circuit since at least *Moulden*." *Id.* And in *Moulden*, we said that "[t]h[e] explanation [for the sentence imposed] should . . . provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant . . . and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." 478 F.3d at 657; *see also Thompson*, 595 F.3d at 547. These cases clearly establish that while the district court need not be as detailed in imposing a revocation sentence, it still must provide enough of an explanation to assure this Court that it considered the parties' arguments and had some basis for choosing the imposed sentence. Here, the district court's failure to so much as mention Slappy's arguments or provide any explanation for why it was necessary to depart from the policy statement range and impose the maximum sentence contravened this Circuit's well-settled precedent. We hold, therefore, that Slappy's sentence is plainly unreasonable.

We further hold that the district court's procedural errors are not harmless. The Government has not even raised this argument, much less met its burden of proving that these errors "'did not have a "substantial and injurious effect or influence"'" on the

12

result." *United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010) (quoting *United States v. Curbelo*, 343 F.3d 273, 278 (4th Cir. 2003)). The record indicates that the court neither considered Slappy's arguments in favor of a within-range sentence nor contemplated imposing anything other than the statutory maximum sentence. Had it done so, it is certainly plausible that it might have imposed a lower revocation sentence. *See id*; *see also Thompson*, 595 F.3d at 548.

Lastly, because we find that Slappy's sentence is plainly procedurally unreasonable and that the district court's errors are not harmless, we need not consider whether her sentence is substantively reasonable. *Carter*, 564 F.3d at 330 n.4 ("Having found the sentence procedurally unreasonable, . . . we cannot review the sentence for substantive reasonableness."); *see also United States v. Stephens*, 549 F.3d 459, 465 (6th Cir. 2008) ("If, and only if, the district court's sentencing decision is procedurally sound, we will 'then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" (quoting *Gall*, 552 U.S. at 51)). Here, the district court's procedural errors are alone grounds for resentencing.

## III.

For these reasons, we vacate Slappy's revocation sentence and remand for resentencing.

*VACATED AND REMANDED*

13

SHEDD, Circuit Judge, dissenting:

The majority holds that Lacresha Slappy's sentence is plainly procedurally unreasonable for two reasons: the district court failed to address Slappy's arguments in favor of a within-range sentence and failed to explain why the maximum sentence was necessary. Because I disagree with both conclusions, I would affirm.[1]

I.

The district court has broad discretion to impose a term of imprisonment for violation of supervised release up to the statutory maximum, and we may only reverse a supervised release revocation sentence if we find the sentence to be "plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 438, 439 (4th Cir. 2006).[2] In determining whether a revocation sentence is plainly unreasonable, we must first decide whether the sentence is unreasonable at all. *Id.* at 438. While we generally follow the considerations that we employ in our review of original sentences, we make necessary modifications to take into account the unique nature of revocation sentences. *Id.* at 438–39. For example, "a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines*." *Id.* at 439.

---

[1] While I believe the revocation sentence is also substantively reasonable, I do not address this issue because the majority has not ruled on substantive reasonableness.

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

To be procedurally reasonable, the district court must "provide a sufficient explanation so that we may effectively review the reasonableness of the sentence." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). Further, the "explanation should also provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before him, and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *Id.*

Only if we find a revocation sentence to be unreasonable do we proceed to the second prong of our review to determine if the sentence is plainly unreasonable. In this context, "plain is synonymous with clear or, equivalent, obvious," *Crudup*, 461 F.3d at 469, and a sentence may be plainly unreasonable if it runs afoul of "clearly settled law." *United States v. Thompson*, 595 F.3d 544, 548 (4th Cir. 2010).

A.

The first question that must be answered is whether the revocation sentence is procedurally unreasonable. The majority finds that the district court committed a procedural error by failing to address Slappy's arguments–which the majority labels as nonfrivolous–in favor of a sentence within the policy statement range and by failing to explain why it rejected those arguments. To support this finding, the majority applies *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009), a case dealing with original sentences which makes clear that a court must explain why it rejects nonfrivolous arguments. While cases dealing with original sentences are instructive, *Crudup*, 461 F.3d at 438–39, the majority fails to cite any binding circuit precedent that requires a district court to address every nonfrivolous argument made in favor of a within-policy-range

15

revocation sentence. To the contrary, we have only held that the sentencing court's explanation should provide an "*assurance* that [it] . . . *considered* any potentially meritorious arguments." *Moulden*, 478 F.3d at 657 (emphasis added).[3]

Here, such assurance is present. When imposing the sentence, the district court specifically mentioned that it considered "the relevant factors listed in . . . § 3553(a)." Of course, one of those factors is "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Slappy's arguments for a lower sentence related to her history and characteristics, i.e, her employment history, her efforts at rehabilitation, and her community service. Moreover, although not part of the court's explanation, the court provided Slappy and her counsel with multiple opportunities to be heard. *See United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006) ("[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum. The context surrounding a district court's explanation may imbue it with enough content for us to evaluate" the reasonableness of the sentence.). Thus, by considering the relevant § 3553(a) factors, hearing arguments from Slappy's counsel, and listening to Slappy's pleas, the district court provided adequate assurances that it considered Slappy's potentially meritorious arguments for a lower sentence.

---

[3] Moreover, because a district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," *Thompson*, 595 F.3d at 547, it reasonably follows that a court need not be as detailed when addressing and/or rejecting nonfrivolous arguments when imposing a revocation sentence as it must be when imposing an original sentence.

16

The majority also concludes that the district court procedurally erred by failing to explain why it imposed the statutory maximum sentence. To this point, the majority draws the conclusion that "it is not clear [from the record] that the court even considered the relevant advisory range." *Ante* 11. While the court did not affirmatively state the advisory range, it was certainly aware of the range, as the parties stated it on three separate occasions during the revocation hearing and the Supervised Release Violation Worksheet clearly states it. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) ("The fact that the district court did not mention the . . . range provided by the policy statement is not dispositive. A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Additionally, the district court adequately explained why it departed from the Chapter Seven policy statement range and imposed the statutory maximum sentence. Specifically, the court noted Slappy's history and characteristics, the need to protect the public, and the need to provide deterrence. In doing so, the court referenced individualized attributes of Slappy, including her submission of four positive drug screens, her failure to participate in a urinalysis as directed, her incurrence of new criminal charges, and her history of absconding from supervision. *See Gall v. United States*, 552 U.S. 38, 50 (2007) (requiring an "individualized assessment" based on the facts of the case before the court). The court also affirmatively stated that it considered the Chapter Seven policy statements and the relevant factors contained in § 3553(a).

17

Finally, as evidenced by the context and record, *see Rita v. United States*, 551 U.S. 338, 359 (2007), the sentence reflects the court's desire to sanction Slappy's breach of trust in accordance with the Chapter Seven policy statements. U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2015). Therefore, I believe the court adequately explained why the statutory maximum sentence was necessary and provided a sufficient explanation to allow for meaningful appellate review.

Importantly, the district court's statement of reasons for departing from the Chapter Seven policy statement range "need not be as specific as has been required for departing from a traditional guidelines range." *Moulden*, 478 F.3d at 657. The majority appears to elevate this standard, seemingly requiring district courts to be as specific in revocation sentences as they are required to be in original sentencing. Additionally, the majority requires of the district court just what we have previously counseled against, to robotically recite the policy statement range and then tick through the § 3553(a) factors to justify a differing sentence. *See id.* This approach flies in the face of our precedent and improperly elevates a Chapter Seven policy statement range to be the equivalent of a guidelines range. *See Crudup*, 467 F.3d at 439 n.9.

### B.

Even assuming arguendo that the sentence is procedurally unreasonable, it is not plainly so. The majority finds that the district court violated clearly settled law by failing to mention Slappy's arguments and by failing to provide any explanation for the sentence imposed. As previously noted, our precedent does not require a sentencing court to specifically mention and address a defendant's arguments during a revocation sentence;

18

we have only mandated that the sentencing court provide assurances that the arguments were considered. *See Moulden*, 478 F.3d at 657. The district court could not have violated clearly settled law when the majority is imposing a standard here in the first instance. Additionally, the district court did provide an explanation for its sentence by specifically referring to the § 3553(a) factors and addressing individualized attributes of Slappy. Thus, even if unreasonable, neither alleged procedural error rises to the level of plainly unreasonable.

## II.

The majority misapplies the standards for reviewing a revocation sentence, and the revocation sentence is not plainly unreasonable. Therefore, I dissent.