**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4138**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DABED DEL JESUS SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:15-cr-00334-BO-8)

Submitted:  November 20, 2019                  Decided:  December 20, 2019

Before MOTZ, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dabed Del Jesus Sanchez appeals the 24-month sentence imposed following the district court's revocation of his supervised release. On appeal, Sanchez challenges both the procedural and substantive reasonableness of his sentence. For the reasons that follow, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2018)] factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* (internal quotation marks omitted).

"[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those

2

arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Id.* at 208. An explanation is sufficient if this court can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted). "[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum," but also consider "[t]he context surrounding a district court's explanation." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Contrary to Sanchez's claims on appeal, our review of the revocation hearing confirms that the district court adequately addressed the mitigating facts he raised at sentencing and sufficiently explained why a sentence within the 4- to 10-month policy statement range was insufficient to satisfy the goals of sentencing. While the district court did not expressly mention the specific facts highlighted by counsel, the context of the court's sentencing explanation made clear that Sanchez's plea for a sentence at the top of the policy statement range failed because he squandered the opportunity he received through a downward variance in his original sentence by returning to the same criminal conduct while on supervision. *Id.* (this court "will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious"). In imposing the 24-month term, the court expressly cited the safety and security of the public, and clearly considered the nature and circumstances of the offense, Sanchez's history and

3

characteristics, and the need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(B) (2018). Finally, Sanchez contends that his 24-month sentence conflicts with the Chapter 7 policy statement on upward departures based on inadequacy of criminal history category. However, our review discloses that the district court did not speak in terms of adjusting Sanchez's criminal history category. Rather, the court took into account the downward variance Sanchez received in his original sentence in considering whether a revocation sentence within the policy statement range was appropriate.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*