**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ATAIAH TURNER, a/k/a Queen,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cr-00027-GMG-RWT-2)

Submitted:  February 28, 2023                Decided:  March 10, 2023

Before DIAZ and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Nicholas J. Compton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ataiah J. Turner pleaded guilty in January 2022 to distribution of fentanyl. Because Turner was 28 weeks' pregnant at her sentencing in June, the district court sentenced her to time served and three years of supervised release, during which Turner was required to complete an inpatient treatment program for substance abuse. But after only three months, Turner was kicked out of the program for "excessive non-compliance of program rules and 3 separate incidents of aggression." As a result, the district court revoked Turner's supervised release and sentenced her to 12 months and 1 day in prison, explaining that Turner needed a wake-up call after receiving a huge break at her original sentencing.

Turner appeals her revocation sentence, asserting that the district court ignored her arguments for a time-served sentence and failed to provide an adequate sentencing explanation. Finding no reversible error, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

Turner first contends that the district court overlooked 11 nonfrivolous arguments for a lower sentence. Where a defendant "presents nonfrivolous reasons for imposing a

2

sentence outside the [Sentencing Guidelines' policy statement range], the sentencing [court] must address or consider those arguments and explain why [it] has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted).  Critically, though, "[a]ppellate review is not a game of 'Gotcha!' where we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name."  *Id.*  "Rather, when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support."  *Id.* (cleaned up).

Turner's 11 arguments boil down to two central points that, in our view, the district court did not ignore.  First, Turner claimed that her relatively minor incidents at the inpatient program did not warrant a lengthy sentence.  But the court clearly disagreed regarding the seriousness of these infractions.  And, in any event, the driving force behind the court's sentencing decision was not the series of incidents at the inpatient program, but rather the breach of trust occasioned by Turner's noncompliance with the terms of her supervised release.  *See United States v. Gibbs*, 897 F.3d 199, 203 (4th Cir. 2018).

Second, Turner insisted that she had made substantial progress in the several weeks between leaving the program and her revocation hearing.  While the district court did not address this argument at length, it did ask some questions about this post-violation time period, thus indicating that it had not simply neglected this point.  *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020).  Moreover, given that the inpatient program was the central piece of Turner's original sentence, it is no mystery why a few weeks of good behavior did not sway the court's view of Turner's discharge from the program.  *See United*

3

*States v. Lester*, 985 F.3d 377, 386 (4th Cir. 2021) ("We will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate under the circumstances." (cleaned up)).

Next, Turner faults the district court for not mentioning the 18 U.S.C. § 3553(a) sentencing factors. But the court clearly addressed these factors in substance, discussing Turner's personal history and characteristics, the need for deterrence, and the need to provide Turner with correctional treatment. 18 U.S.C. § 3553(a)(1), (2)(B), (D); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation proceedings). We therefore reject this argument.

Finally, Turner claims that the district court did not explain why it imposed a sentence above the policy statement range. Here, the court selected the minimum sentence necessary for an inmate to be eligible to earn good time credits under 18 U.S.C. § 3624(b). From this, we readily infer that the court intended to incentivize Turner to follow rules and avoid conflict while incarcerated, especially in light of the altercations at the inpatient program. Thus, we discern no abuse of discretion in the court's explanation.

Accordingly, we affirm Turner's revocation sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4