**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4671

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACK GRIFFIN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:16-cr-00034-1)

Submitted:  March 29, 2024                                      Decided:  May 21, 2024

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Griffin, Jr., appeals the district court's order imposing a 24-month sentence upon revocation of Griffin's term of supervised release. On appeal, Griffin argues that the sentence is plainly procedurally unreasonable because the district court imposed a sentence without sufficiently explaining it. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation sentences). Although the

2

sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (cleaned up).  Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's *acknowledgment* of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.  "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up).

We have reviewed the record and conclude that the revocation sentence is procedurally reasonable.  During the revocation hearing, the district court listened to the parties' arguments and allowed Griffin to allocute before imposing the sentence.  The court acknowledged each party's arguments and inferred that the issue of danger to the public warranted a sentence above the applicable policy statement range.  Additionally, the court noted multiple times the complicated situation posed by Griffin's sentencing.  Finally, we conclude that Griffin's revocation sentence, which falls within the statutory maximum, is substantively reasonable.

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3