**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4609**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TERRELL VINCENT LITTLETON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00103-WO-1)

---

Submitted:  August 29, 2024                   Decided:  September 4, 2024

---

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

---

Affirmed and remanded by unpublished per curiam opinion.

---

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Vincent Littleton appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment, to be followed by 18 months of supervised release. Littleton contends that his revocation sentence is plainly unreasonable because the court relied on a more serious violation than the one Littleton admitted. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). This Court reviews a district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

The petition for revocation of supervised release alleged that Littleton had committed another federal, state or local crime (Violation 1), used and possessed a controlled substance (Violation 2), failed to cooperatively participate in mental health and substance abuse treatment programs (Violations 3 and 4), failed to report to his probation officer (Violation 5), and failed to timely notify the probation officer about the arrest in Violation 1 (Violation 6). With regard to Violation 1, the petition asserted that on April 27, 2023, police responded to a domestic disturbance report involving Littleton, his girlfriend, and an unidentified female. In the course of investigating the surrounding area, officers recovered a Ruger P95 firearm loaded with 9mm Blazer ammunition. The firearm had been reported stolen. Littleton was arrested and during a search of his person, officers recovered four 9mm Blazer bullets in his pocket.

2

At the revocation hearing, Littleton admitted Violations 1 through 4,[1] but only admitted Violation 1 to the extent that he admitted that he possessed ammunition as a convicted felon. He expressly denied possessing the stolen firearm. The district court accepted Littleton's admission that he possessed ammunition but not the firearm.

The district court revoked Littleton's term of supervised release, relying on Violation 1 as the most serious violation. The court sentenced Littleton to 18 months' imprisonment to be followed by 18 months of supervised release. Although the district court accepted Littleton's limited admission to Violation 1, in the written judgment the district court described Violation 1 as follows: "On April 27, 2023, the Defendant was arrested by the Durham, North Carolina Police Department for Felony Possession of Firearm by Felon and Felony Possess Stolen Firearm." (J.A. 47).[2]

Generally, where a district court's written judgment and its unambiguous oral pronouncement conflict with respect to the reason for revocation, the oral pronouncement controls. *United States v. Doswell*, 670 F.3d 526, 531-32 n.3 (4th Cir. 2012). Thus, the unambiguous oral pronouncement controls here.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly

---

[1] The Government did not proceed on Violations 5 and 6, and they were dismissed by the district court.

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). At the revocation hearing, the district court accepted Littleton's admission that he committed Violation 1 by possessing ammunition as a convicted felon, and the court announced and thoroughly explained its sentence based on this violation. Accordingly, we conclude that Littleton failed to show that his sentence was unreasonable, let alone plainly so.

We therefore affirm the district court's judgment. However, we remand for the district court to correct the written revocation judgment to specify that Littleton's Violation 1 for committing another federal, state, or local crime was based solely on his admission to possession of ammunition as a convicted felon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

4