**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4396**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIR CALVIN JOHNSON, a/k/a C.J.,

Defendant - Appellant.

**No. 23-4397**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIR CALVIN JAMEZ JOHNSON,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:22-cr-00218-BO-BM-1; 5:18-cr-00221-BO-1)

Submitted: August 28, 2024                    Decided: October 18, 2024

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric J. Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Sir Calvin Johnson appeals the district court's order imposing a 12-month sentence upon revocation of Johnson's term of supervised release (No. 23-4397).* On appeal, Johnson argues that the sentence is plainly procedurally unreasonable because the district court failed to provide Johnson's counsel a chance to address the revocation sentence and imposed a sentence without sufficiently explaining it. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the [same] procedural and substantive considerations that guide our review of original sentences" but "strik[ing] a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the

---

* Johnson also filed a notice of appeal from a new criminal judgment sentencing him to 90 months' imprisonment following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924, which we docketed as Appeal No. 23-4396. However, he does not raise in his opening brief for these consolidated appeals any claim regarding the validity of the guilty plea or the reasonableness of the sentence. Johnson therefore has waived review of the criminal judgment in No. 23-4396. *Harris v. Town of S. Pines*, 110 F.4th 633, 648 (4th Cir. 2024) ("A party waives an argument by failing to present it in its opening brief . . . ." (internal quotation marks omitted)).

3

sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation sentences). "[A]lthough the [sentencing] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's *acknowledgment* of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.

We have reviewed the record and conclude that the revocation sentence is procedurally reasonable. During the revocation hearing, the district court listened to the parties' arguments and allowed Johnson to allocute before imposing the sentence. The court acknowledged each party's arguments, and the court's statements suggested that the issue of deterrence warranted running Johnson's revocation sentence and his sentence imposed for new criminal conduct consecutively. The court also provided Johnson's attorney several opportunities to address the revocation sentence and to respond to the Government's arguments.

4

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*