**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4400**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALEX R. LEE,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00030-JPB-JPM-4)

———————————

Submitted:  February 20, 2025                    Decided:  February 25, 2025

———————————

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Clayton J. Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2021, Alex R. Lee pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a). The district court sentenced Lee to 14 months of imprisonment followed by three years of supervised release. In 2024, the district court revoked Lee's supervised release based on his violation of several of the conditions of his supervised release. The court imposed 12 months of imprisonment with no period of supervised release to follow. Lee appeals, arguing that the sentence is procedurally unreasonable because the district court failed to adequately address his nonfrivolous arguments for a lower sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). If the court imposes a sentence within the Sentencing Guidelines policy statement range, "less explanation" is typically required. *Patterson*, 957 F.3d at 439 (internal quotation marks omitted). "[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208.

We have reviewed the record and conclude that the within-Guidelines policy statement sentence is not plainly unreasonable. The district court adequately responded to Lee's request for a lower sentence based on his history of substance abuse and mental health issues. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3