**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4388**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVARIUS RODRIGUEZ HALL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:09-cr-00040-MOC-SCR-1)

_____

Submitted:  February 26, 2025                                    Decided:  March 4, 2025

_____

Before KING and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavarius Rodriguez Hall appeals the district court's judgment revoking his term of supervised release and sentencing him to eight months' imprisonment to be followed by six months of supervised release. On appeal, Hall argues that the district court erred in denying his request to terminate supervised release, which we construe as an argument that the district court erred in imposing a new six-month term of supervised release upon its fifth revocation of Hall's supervised release. Hall additionally argues that the imposition of another term of supervised release violates his right under the Eighth Amendment to be free from cruel and unusual punishment. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* But even if a revocation sentence is unreasonable, we will nevertheless affirm unless it is "plainly so." *Id*. at 208 (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different

2

sentence. *Id.* at 207 (footnote omitted). A court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that Hall's supervised release sentence is neither procedurally nor substantively unreasonable. First, the sentence was within the statutory maximum for Hall's armed robbery and firearm possession offenses. Second, the district court adequately explained its chosen sentence and meaningfully responded to Hall's sentencing arguments at the revocation hearing. Although Hall contends that the district court failed to adequately consider the § 3553(a) factors, the court discussed the factors and thoroughly addressed Hall's arguments against an additional term of supervision. The court expressed concerns about Hall's repeated noncompliance with the terms of his supervised release and explained why it believed an additional term of supervision was necessary. The court also acknowledged Hall's struggles with drug use but found that some sentence of supervised release was necessary in light of Hall's repeated supervision violations and the need to protect the public. Based on the circumstances as a whole, we conclude that the revocation sentence is neither procedurally nor substantively unreasonable, much less plainly so.

Hall next argues that, under the circumstances of his case, a six-month term of supervised release violates the Eighth Amendment's prohibition against cruel and unusual punishment because such a term is grossly disproportionate to the crime for which it was imposed. We generally "review an Eighth Amendment proportionality challenge to a sentence de novo." *United States v. Ross*, 72 F.4th 40, 50 (4th Cir. 2023). But because

3

Hall did not raise an Eighth Amendment challenge to his sentence in the district court, our review is for plain error only. *See United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022) (explaining that unpreserved errors—"constitutional or otherwise—are subject to deferential plain-error review").

An argument that a particular sentence is disproportionate to the crime committed may be raised as an as-applied challenge that the length of a sentence is disproportionate given the circumstances of the case, or as a categorical challenge asserting that an entire class of sentences is disproportionate based on the nature of the offense or the characteristics of the offender. *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). Where, as here, a party has asserted an as-applied challenge to a particular sentence, the Supreme Court has outlined a specific proportionality analysis:

> [T]he narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime. Before an appellate court concludes that a sentence is grossly disproportionate based on an as-applied challenge, the court first must determine that a threshold comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality.

*Id.* (internal quotation marks and citations omitted); *see also Ross*, 72 F.4th at 52 (finding functional life sentence for offense involving child sexual abuse material not grossly disproportionate and noting the rarity of cases finding gross disproportionality). Based on the circumstances present in this case, we conclude that Hall's six-month sentence of supervised release is not grossly disproportionate to his supervised release violations and therefore does not plainly violate the Eighth Amendment. *See Ross*, 72 F.4th at 51-52.

4

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aide the decisional process.

*AFFIRMED*