**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN DESHAWN BARLOW,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Michael F. Urbanski, Senior District Judge.  (3:03-cr-00016-MU-2)

Submitted:  March 26, 2026                    Decided:  March 31, 2026

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, Kevin Deshawn Barlow pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 322 months' imprisonment and five years of supervised release. In 2021, the district court granted Barlow's 18 U.S.C. § 3582(c)(1)(B) motion for a sentence reduction and reduced his term of imprisonment to time served. In 2025, the district court revoked Barlow's supervised release based on two violations of his supervised release conditions—two new criminal offenses—and imposed a sentence below the advisory Sentencing Guidelines policy statement range, sentencing Barlow to 30 months' imprisonment and two years of supervised release. Barlow appeals, arguing that the revocation sentence is procedurally unreasonable because the district court failed to explain its rationale in light of the relevant 18 U.S.C. § 3553(a) factors. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable[,]" *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*,

2

788 F.3d 370, 373 (4th Cir. 2015) (citation modified). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). If the court imposes a sentence within the policy statement range, "less explanation" is typically required. *Patterson*, 957 F.3d at 439 (internal quotation marks omitted).

We have reviewed the record and conclude that Barlow's sentence is not procedurally unreasonable. The district court adequately explained its reasoning when concluding that Barlow's history and characteristics, the nature of the new offenses, the need for deterrence of criminal conduct, and the need to protect the public warranted a sentence below the properly calculated policy statement range. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3