**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-4594**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

JOHN WESLEY GEIGER,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge.  (3:05-cr-00550-MBS-1)

———————

Submitted:  December 10, 2021　　　　　　　　Decided:  December 30, 2021

———————

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Allen B. Burnside, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, Columbia, South Carolina, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant John Wesley Geiger appeals his 24-month revocation sentence, arguing that the district court procedurally erred by failing to explain why it rejected his nonfrivolous arguments for a sentence of time served.  For the following reasons, we affirm.

While on supervised release from federal drug and firearm convictions, Geiger physically assaulted his girlfriend, placing his hands around her neck.  He was arrested and ultimately pleaded guilty to second degree assault and battery in state court.  As a result of this conviction, Geiger's federal probation officer petitioned to revoke Geiger's supervised release.

Geiger submitted a sentencing memorandum prior to his revocation hearing, in which he argued: (i) the conduct underlying his state conviction was more in line with simple assault; (ii) as a 68-year-old black man with a pacemaker and high blood pressure, he was at increased risk for contracting a severe case of COVID-19; (iii) because of the COVID-19 pandemic, time he had spent incarcerated was more difficult than it otherwise would have been; (iv) aside from this one violation, he had done well on supervised release; and (v) he was unlikely to see his girlfriend again as they had broken up, minimizing concerns about deterrence or protecting the public.

The district court sustained his objection to the categorization of the underlying state conviction.  Regarding Geiger's other arguments, the court noted, when prompted by defense counsel at the conclusion of the hearing, that the court "did consider the defendant's sentencing memorandum."  J.A. 53.  The court imposed a sentence of 24

1

months, plus a 6-year term of supervised release, within the revocation sentence policy statement range. Geiger timely appealed.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017) (citations omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (cleaned up). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* (citation omitted). Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* (cleaned up).

For an original sentence to be procedurally reasonable, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Similar but less stringent principles govern revocation sentences: "[a] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted) (citation omitted). The requirement that the court respond to nonfrivolous arguments and explain its chosen sentence "allow[s] for meaningful appellate review and [] promote[s] the perception of fair sentencing." *Id.* (citation omitted). Often, minimal explanation is needed if the case is simple or the sentence is within the policy

statement range.  *See United States v. Patterson*, 957 F.3d 426, 438-39 (4th Cir. 2020).

The district court here clearly stated that it had considered Geiger's sentencing memorandum.  Given the straightforward nature of these proceedings and the fact that Geiger received a sentence within the revocation sentence policy statement range, we conclude that the court complied with procedural reasonableness requirements simply by assuring the parties that it had considered Geiger's arguments for a different sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decision process.

*AFFIRMED*