**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4517**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW JAMES BLACKSTONE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:12-cr-00022-JPJ-14)

---

Submitted:  October 31, 2022               Decided:  November 4, 2022

---

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Juval O. Scott, Federal Public Defender, John T. Stanford, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew James Blackstone appeals the district court's imposition of a 30-month term of imprisonment following the revocation of his term of supervised release. On appeal, Blackstone argues that his sentence is procedurally unreasonable because the district court did not adequately explain why it rejected his nonfrivolous mitigating arguments. For the following reasons, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, "we will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we apply the same general considerations used in evaluating original criminal sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (internal quotation marks omitted). Only if we conclude that a revocation sentence is procedurally or substantively unreasonable will we consider whether the sentence "is plainly so." *Id.* at 208 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to

2

revocation sentences).   The sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," but "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted).   Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's acknowledgment of its consideration of the arguments will suffice." *United States v. Patterson*, 957 F.3d 426, 438 (4th Cir. 2020) (emphasis omitted).   A court's summary rejection of nonfrivolous sentencing arguments is more likely to survive appellate scrutiny if the case is simple or the sentence is within the policy statement range.   *Id.* at 438-39. "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up).

Blackstone argues that the district court should have provided a more detailed response to his nonfrivolous mitigation arguments.   However, the district court was required only to "explain why [it was rejecting Blackstone's arguments] in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208.   Because the district court did so, we find that Blackstone's sentence is procedurally reasonable.[*]

---

[*] We decline to consider Blackstone's argument that the district court erroneously considered the factors in 18 U.S.C. § 3553(a)(2)(A) in imposing sentence because the issue (Continued)

3

Accordingly, we affirm Blackstone's revocation sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

was raised for the first time in his reply brief. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

4