**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4465

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FLOYD RAY SCALES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00340-TDS-1)

Submitted:  February 21, 2023                    Decided:  February 23, 2023

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Floyd Ray Scales, Jr., appeals the one year and one day term of imprisonment imposed upon the revocation of his supervised release. On appeal, Scales argues that this below-policy-range sentence is plainly unreasonable. He contends that the district court incorrectly weighed the sentencing factors, giving undue weight to the seriousness of his supervised release violations while discounting the strength of his mitigating arguments. We affirm.

We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if we find a revocation sentence unreasonable do we consider whether it is plainly so." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted).

In imposing the sentence, the district court considered the relevant statutory factors and thoroughly explained its decision rejecting Scales' request to continue on supervised release. The court explained that it was varying downward from Scales' 21-to-27-month policy statement range in recognition of his mitigating arguments and the "tremendous progress" he had made on supervision. However, the court emphasized that Scales had

2

admitted to distributing drugs for more than a year while on supervision—a significant breach of the court's trust—and that the imposed sentence was necessary to afford adequate deterrence and protect the public.

We conclude that Scales' sentence is not unreasonable, let alone plainly so. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*