**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4559

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOUGLAS A. PANNELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00168-LCB-1)

Submitted:  May 18, 2023                        Decided:  May 22, 2023

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas A. Pannell, Jr., appeals the 12-month sentence imposed upon the revocation of his supervised release. On appeal, Pannell asserts that his sentence is unreasonable because the court (1) did not explain why it imposed a sentence different from the one Pannell requested; and (2) predetermined the sentence it would impose at Pannell's previous supervised release revocation hearing. We affirm.

We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if we find a revocation sentence unreasonable do we consider whether it is plainly so." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted).

In imposing the sentence at issue here, the district court considered the relevant statutory factors and thoroughly explained its decision to reject Pannell's request for a sentence of time served. In doing so, the district court explained that it had considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and Pannell's history, observing that Pannell has a substantial drug problem and twice tested positive for cocaine and marijuana but, despite his age, refuses to utilize the provided

2

addiction recovery resources.  The court also acknowledged that Pannell was given an opportunity at his last revocation hearing to address his addiction and maintain his employment but nonetheless continued to use narcotics.  On this record, we conclude that the court addressed the "central thesis" of Pannell's argument for a lesser sentence.  *See United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022).  And while the court admonished Pannell at his previous revocation hearing that he would be afforded no more opportunities if Pannell continued to violate the terms of his supervised release, the record confirms that the court appropriately based the sentence here on Pannell's arguments and his failure to comply with his release conditions, rather than on a predetermination of a particular sentence.  *See United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006) ("[D]istrict courts should focus on the defendant's failure to follow the court-imposed conditions of supervised release as a breach of trust when imposing revocation sentences." (cleaned up)).

We therefore conclude that Pannell's sentence is not unreasonable, let alone plainly so.  Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3