**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4010

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHERWIN LEE TANN, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:19-cr-00025-FL-1)

Submitted:  May 4, 2023                                      Decided:  June 9, 2023

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherwin Lee Tann, Jr., appeals the 24-month sentence imposed by the district court after it revoked his supervised release. We agree with Tann's contention that the district court failed to adequately address his nonfrivolous arguments for a lesser sentence. Accordingly, we vacate his sentence and remand.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or

2

specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (alteration and internal quotation marks omitted). If the court imposes a sentence within the policy statement range, "less explanation" is typically required. *Patterson*, 957 F.3d at 439 (internal quotation marks omitted).

"[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Id.* at 209.

The district court failed to explicitly address Tann's two main arguments in mitigation—his employment history while on supervision and his desire to improve his relationship with his family. While we may be able to infer that the district court addressed this latter argument by recounting Tann's offense conduct—assaulting the mother of his children—we cannot do so regarding the employment argument, as we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Perez-Paz*, 3 F.4th 120, 128 (4th Cir. 2021). The district court's failure to address these

3

arguments is compounded by the court's decision to vary upward and impose the statutory maximum sentence. *See Slappy*, 872 F.3d at 209. And under *Slappy*, we conclude that the sentence is plainly unreasonable. *See id.* at 210. We also reject the Government's argument that the error here was harmless because "nothing in the record explicitly indicates that [the district court] would have imposed the same sentence regardless of whether it considered any specific mitigation factors." *Patterson*, 957 F.3d at 440.

Accordingly, we vacate Tann's sentence and remand for further proceedings.[*] We deny Tann's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because we conclude that the sentence is procedurally unreasonable given the court's failure to address Tann's nonfrivolous arguments, we decline to address Tann's additional arguments that the court committed further procedural error by referring to his arrest record and dismissed charges and in considering the amount of credit Tann would receive for his pretrial detention.

4