**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4214

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY WAYNE AIKEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:14-cr-00022-KDB-DSC-1)

Submitted:  February 29, 2024                      Decided:  May 30, 2024

Before KING and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Wayne Aiken appeals the district court's judgment sentencing him upon revocation of his supervised release to 24 months' imprisonment, followed by a life term of supervised release. On appeal, Aiken contends that the district court failed to address three nonfrivolous mitigation arguments and failed to calculate the policy statement range. Finding no reversible error, we affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). When reviewing "whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *Id.* In making this determination, we evaluate "the same procedural and substantive considerations that guide our review of original sentences" but take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). The district court must also assure us that it "considered any potentially meritorious arguments raised by the parties with regard to sentencing." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted). "A major departure from the [policy statement range] should be supported by a more significant

2

justification than a minor one." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up).

Critically, though, our review does not require that "we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). Instead, "when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *Id.* (cleaned up). "[T]he court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted).

Aiken first contends that the district court failed to consider his argument that, because he violated the conditions of his supervised release within less than two weeks of his release from custody, he did not have enough time to receive treatment on supervision. However, the court directly engaged with this argument at the revocation hearing, questioning whether Aiken had received treatment during his 10 years of custody that stemmed from his underlying child pornography conviction. *See United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020) ("Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments."). Moreover, the district court recommended that Aiken be permitted to participate in mental health treatment programs while incarcerated and that he be incarcerated at Federal Correctional Institution Butner—

3

as he requested—further demonstrating the court's consideration of his argument that he required treatment.

Aiken next asserts that the district court failed to address his argument that, while on supervision, he helped his mother around the house and performed work for his mother's landlord. The district court was not required to repeat Aiken's arguments back to him to demonstrate a consideration of those arguments. *See Powers*, 40 F.4th at 137. Further, Aiken raised this argument as support for the proposition that he accomplished "some positives" during his 12-day period of supervision. The district court made clear, however, that it believed Aiken demonstrated no remorse for his repeated violations of his supervised release conditions and no intent of complying with future supervision conditions. *See United States v. Covington*, 65 F.4th 726, 734 (4th Cir. 2023) ("We will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious." (cleaned up)).

Third, Aiken contends that a life term of supervised release was unnecessary because his prior convictions were for possession of child pornography, rather than production, and because recidivism statistics suggested that sex offenders who reoffended typically did so within 12 months of their release from incarceration. Our review confirms that the district court explicitly explained why it believed that a life term of supervised release was necessary. In the court's view, Aiken's repeated violations of his supervised release conditions—sometimes constituting new violations of law—demonstrated that he needed to be monitored for as long as possible. Thus, the court sufficiently considered Aiken's nonfrivolous arguments for lower custodial and supervised release terms.

4

Aiken next argues that the district court procedurally erred by failing to make clear its consideration of the policy statement range of 5 to 11 months' imprisonment.  At the revocation hearing, the district court failed to specifically calculate and articulate the policy statement range or reference Chapter 7 of the Sentencing Guidelines.  We have explained that a district court must demonstrate its consideration of the applicable policy statement range.  *See, e.g.*, *Patterson*, 957 F.3d at 436.  However, the probation officer prepared a Petition for Warrant for Offender Under Supervision that described the correct policy statement range and was included as part of the record on appeal.  Moreover, at the revocation hearing, Aiken stated the correct policy statement range, and the Government described a 24-month sentence—the sentence Aiken ultimately received—as an upward variance.  *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (determining that district court's failure to "mention the . . . policy statement [range was] not dispositive" when the correct range was "cited repeatedly in the probation officer's worksheet and the oral and written arguments of [defendant's] counsel").  Although a district court's consideration of the policy statement range is certainly made clearer when it explicitly calculates the policy statement range at the revocation hearing, we conclude, on this record, that the district court did not plainly procedurally err.

Accordingly, we affirm the district court's revocation judgment.  We deny Aiken's motion to expedite.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5