**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4161

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE L. ROWE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:20-cr-00041-JAG-1)

Submitted:  March 20, 2024                           Decided:  May 30, 2024

Before RICHARDSON, HEYTENS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Carla Jordan-Detamore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence L. Rowe appeals the district court's order imposing a 24-month sentence upon revocation of Rowe's term of supervised release. On appeal, Rowe argues that his sentence is plainly unreasonable because the court failed to explain why it was sentencing him outside the advisory policy statement range of 8 to 14 months and because the court mistakenly stated in its final order that the policy statement range was 8 to 24 months. He further contends that, in light of the applicable 18 U.S.C. § 3553(a) factors, the court should have given more weight to his remarkable progress in the SCORE program before he was terminated. Additionally, he contends that the incarceration sentence is unreasonable where the court had the viable option of placing him in the McShin Foundation drug treatment program. Finally, Rowe asserts that counsel had an actual conflict of interest representing him while at the same time being a member of the SCORE Team monitoring him. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide [this court's] review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or

2

substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation sentences). Although the sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's acknowledgment of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up). Where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Id.* at 209 (internal quotation marks omitted). "[A] major departure from the Guidelines should be supported by a more significant justification than a minor one." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up).

3

We have reviewed the record and conclude that Rowe's sentence is procedurally and substantively reasonable. During the revocation hearing, the court listened to the parties' arguments, acknowledged them, and allowed Rowe to allocute before imposing sentence. The court then explained why a 24-month sentence was warranted in light of the relevant sentencing factors. The court considered Rowe's argument that he be placed in the McShin Foundation program but found that such programs had not worked for Rowe in the past, ultimately accepting the Government's recommendation to sentence Rowe to 24 months without further supervised release.[*] The court properly considered the nature and circumstances of the offense, Rowe's history and characteristics, and the need for the sentence imposed.

Finally, we decline to address ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). "In order to establish a violation of the Sixth Amendment, a defendant . . . must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Our review of the current record does not conclusively establish ineffective assistance of counsel. Therefore, this claim should be raised, if at all, in a 28 U.S.C. § 2255 motion. *Faulls*, 821 F.3d at 507-08.

---

[*] While the court's written revocation order refers to an advisory range of 8 to 24 months, this appears to be a typographical error. The record reflects that the Government advised the court at the sentencing hearing of the correct range of 8 to 14 months.

4

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*