**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4002

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY K. PARR,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cr-00027-GMG-RWT-1)

Submitted:  August 27, 2024                       Decided:  August 30, 2024

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory K. Parr appeals the 24-month sentence imposed following the revocation of his supervised release. On appeal, Parr argues that the upward-variant revocation sentence is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a

2

post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up). And where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Slappy*, 872 F.3d at 209 (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

In this case, the district court sufficiently explained its reasons for imposing the upward-variant, statutory maximum 24-month revocation sentence. The district court plainly indicated that it believed Parr had repeatedly lied to probation, including regarding his need for medical treatment, to avoid mandatory drug screening. The district court highlighted that Parr was dishonest, unaccountable, and uncooperative, and in doing so implicitly rejected Parr's argument that his time in jail had shown him the importance of communicating with probation. And the district court's emphasis on its heightened concern regarding Parr having stalked a food service worker showed it found Parr's mitigating arguments were outweighed by a substantial need to promote deterrence and protect the public. This explanation adequately shows the district court considered Parr's

3

arguments in mitigation and establishes an adequate basis for the chosen sentence. Accordingly, we conclude that the 24-month sentence is reasonable.

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*