**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4344**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BILLY WAYNE PAGE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:19-cr-00003-JPJ-1)

_____

Submitted:  January 21, 2025                                    Decided:  February 7, 2025

_____

Before HARRIS and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mary Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, Billy Wayne Page pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Page to 60 months of imprisonment, followed by three years of supervised release. After his release from incarceration, Page's probation officer sought revocation of his supervised release based on several violations of the conditions of his supervised release. The district court revoked Page's supervision and sentenced Page to 14 months' imprisonment with 22 months of supervised release to follow. Page now appeals, arguing that the revocation sentence is procedurally and substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

2

On appeal, Page challenges the procedural reasonableness of his sentence, arguing that the district court erred in sentencing him to an additional term of supervised release without addressing his arguments opposing supervision or providing any reasoning as to how the additional supervision serves the purposes of sentencing.  Page further contends that the court's within-policy-statement-range sentence is substantively unreasonable due to the court's failure to recognize and account for the fact that Page's actions were not volitional, but rather a byproduct of his mental illness, making the sentence greater than necessary.

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence.  *Slappy*, 872 F.3d at 207 (footnotes omitted).  A revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's *acknowledgment* of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.  A district court imposes a substantively reasonable sentence when "the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).  A revocation sentence falling within the recommended policy statement range "is presumed reasonable." *Id.* (internal quotation marks omitted).

3

We have reviewed the record and conclude that Page's sentence is not plainly procedurally unreasonable. The district court's explanation was adequate and "provide[s] a sufficient assurance that it considered [Page's] arguments for a [lower sentence.]" *Id.* Although Page contends that the district court failed to consider his argument against further supervision, the court directly acknowledged and engaged with Page's argument against supervision. The court stated it understood Page's argument that because of their limitations, the Bureau of Prisons and probation office are unable to help him, meaning it would be futile to sentence Page to further involvement with the system. However, the court disagreed with that conclusion and thoroughly explained why a sentence of incarceration followed by supervised release was necessary. The court acknowledged Page's bouts of mental health issues when taking dangerous drugs but concluded that, despite these struggles, he had to be deterred from such conduct in the future. Moreover, the court noted that Page was unlikely to make the behavioral changes on his own, necessitating continued intervention.

Page also argues that the sentence is substantively unreasonable because the district court improperly sanctioned him for conduct intertwined with his mental illness rather than his breach of the court's trust. It is clear from the record, however, that the court primarily considered Page's "significant breach of trust" in choosing an appropriate sentence. The court also considered the nature and circumstances of the offense, Page's history and characteristics, and the need to deter future violations. The court noted Page's struggles with mental illness and Page's arguments regarding his mental health but concluded that a sentence at the top of the policy statement range, followed by 22 months' supervision, was

4

appropriate.  Based on the factors cited by the district court in imposing the sentence and the circumstances as a whole, we conclude that the revocation sentence is not substantively unreasonable, much less plainly so.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aide the decisional process.

*AFFIRMED*