**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4544**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAUN L. SMITH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:18-cr-00088-JAG-3)

———————

Submitted: April 24, 2025                    Decided: April 28, 2025

———————

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun L. Smith appeals the 24-month sentence imposed following the revocation of his supervised release.  On appeal, Smith asserts that the imposed sentence is plainly unreasonable because it is above the policy statement range applicable to his violations and that the district court failed to explain why a sentence within the range was insufficient. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).  Only if we conclude that a revocation sentence is either procedurally or substantively unreasonable will we proceed to consider whether it "is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors).  "[A]lthough the court need not be as detailed or

2

specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). Thus, the district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (internal quotation marks omitted).

We have reviewed the record and conclude that the revocation sentence imposed here is not unreasonable. Specifically, the district court properly calculated the policy statement range, which it expressly acknowledged. The court also provided the parties the opportunity to argue for an appropriate sentence during which time the Government asked that the 24-month statutory maximum be imposed to run consecutive to Smith's state sentence. Defense counsel did not request a specific sentence or a sentence within the policy statement range, asking only that the court allow Smith to serve the revocation sentence in state prison or consider running the sentence concurrent to Smith's state sentence. The district court explained the imposed sentence, expressly tethering it to the applicable § 3553(a) factors, and indicated that Smith would be designated to serve the sentence in state prison. Given the court's explanation for the 24-month sentence, which

3

is the statutory maximum, we find that the imposed sentence is substantively reasonable. *See Slappy*, 872 F.3d at 207-08.

Accordingly, we affirm the revocation order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*