**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4562**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER ADAM TESSIGNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:08-cr-01138-BHH-1)

Submitted:  May 22, 2025                     Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Christopher B. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Adam Tessigner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to 51 months' imprisonment followed by three years of supervised release.  In 2024, the district court revoked Tessigner's supervised release a second time, based on seven violations of his release and conditions, and imposed 18 months' imprisonment with no additional period of supervised release to follow.  Tessigner appeals, arguing that the revocation sentence is procedurally unreasonable because the district court failed to adequately explain its rationale and to address his nonfrivolous arguments for a downward variance.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable[,]" *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).  If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). If the court imposes a sentence within the policy statement range, "less explanation" is typically required. *Patterson*, 957 F.3d at 439 (internal quotation marks omitted). But "a district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208.

We have reviewed the record and conclude that the within policy statement range sentence is not procedurally unreasonable. The district court adequately considered Tessigner's arguments in favor of a downward variance but concluded that Tessigner's criminal history, the need for general and specific deterrence, and the significant breach of the district court's trust warranted a sentence within the properly calculated policy statement range. We therefore deny as moot Tessigner's motion to expedite and affirm the revocation judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*