**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4020**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BYRON ROSWELL HESS, IV,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:14-cr-00239-MOC-1)

_____

Submitted:  October 16, 2025                          Decided:  October 20, 2025

_____

Before KING, AGEE, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John G. Baker, Federal Public Defender, Megan C. Hoffman, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Roswell Hess, IV, appeals the 6-month sentence and 10-year supervised release term imposed following the revocation of his supervised release. On appeal, Hess asserts that the (1) new 10-year supervised release term is procedurally unreasonable because the district court failed to address his arguments that further supervised release was futile; and (2) district court erred when it imposed supervised release conditions in the written judgment that were not orally pronounced at sentencing. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified). Only if we conclude that a revocation sentence is either procedurally or substantively unreasonable will we proceed to consider whether it "is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range

2

and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). Thus, the district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (citation modified). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (internal quotation marks omitted).

We reject Hess' argument that the new 10-year supervised release term is procedurally unreasonable because the district court failed to address his arguments that further supervised release was futile. Namely, it is well established that a district court need only consider the "central thesis" of a defendant's mitigation arguments and need not also explain why it rejected "each supporting data point." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020). Moreover, our review of the record confirms that the district court was fully engaged with Hess and defense counsel during the revocation hearing and had a reasoned basis for rejecting Hess' futility argument. *Id.* at 215.

We also reject Hess' argument that the district court violated *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when it imposed the conditions of his supervised

3

release.  During the revocation hearing, the district court indicated that, while on supervised release, Hess was required to "comply with the standard conditions that have been adopted by the Court in the Western District of North Carolina and shall further comply with all conditions of supervised release previously imposed upon the defendant, the violation of which was the subject of this hearing." (J.A. 77).[*]  According to Hess, because the district court referenced the violations that were at issue during the revocation hearing, the written judgment, which indicates that "[a]ll conditions previously imposed remain in effect" (J.A. 84), subjects Hess to special release conditions that were not orally pronounced.

However, "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . then a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Rogers*, 961 F.3d at 299 (internal quotation marks omitted).  And contrary to Hess' suggestion in this court, we conclude that the logical interpretation of the court's oral pronouncement indicates that the court was only generally explaining that Hess' violation of the conditions it had previously imposed "was the subject of th[e] hearing." (J.A. 77).  *See Rogers*, 961 F.3d at 299 ("[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent.").

---

[*] Citations to the J.A. refer to the Joint Appendix filed by the parties in this case.

4

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*