**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4070**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TIMOTHY ABEL WALKER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00125-WO-1)

_____

Submitted:  March 30, 2026                                          Decided:  April 7, 2026

_____

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  K.E. Krispen Culbertson, CULBERTSON & ASSOCIATES, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Abel Walker appeals the district court's judgment revoking his supervised release and imposing a sentence of 36 months' imprisonment with no further supervised release. On appeal, Walker contends that the sentence is procedurally and substantively unreasonable because the court erred in finding that he violated the terms of his supervised release by failing to make scheduled restitution payments and failing to maintain full-time employment. Walker also contends that the court erred in invoking the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650 ("PROTECT Act"), and not limiting the sentence to the term available under the pre-PROTECT Act aggregation rule.[*] We affirm.

A district court may revoke a term of supervised release if the government proves by a preponderance of the evidence that the defendant violated his release conditions. 18 U.S.C. § 3583(e)(3). We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). We have reviewed the record and conclude that the court did not abuse its discretion in revoking Walker's supervised release.

---

[*] The PROTECT Act amended 18 U.S.C. § 3583(e)(3) to "permit[ ] the district court to start anew with the statutory maximum" term of imprisonment on each revocation "without aggregating any post-revocation imprisonment." *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017) (internal quotation marks omitted); *see* PROTECT Act § 101(1), 117 Stat. at 651. "Before 2003, the relevant portion of 18 U.S.C. § 3583(e)(3) did not include the phrase on any such revocation, and courts generally aggregated all post-revocation imprisonment." *Harris*, 878 F.3d at 119 (internal quotation marks omitted).

With respect to the sentence, "a district court has broad discretion when imposing a sentence upon revocation of supervised release." *Id.* at 436.  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).  If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors).  "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted).  "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should

3

receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The district court adequately explained the reasons it applied the PROTECT Act, as Walker was initially convicted of a crime involving fraud and he continued to commit fraud by falsifying information while on supervised release and giving false testimony during his revocation hearings. The court also addressed the applicable § 3553(a) factors and explained that the sentence of 36 months with no further supervised release was necessary because of the nature of the violations and the need to protect the public and deter Walker from engaging in fraudulent conduct. Moreover, the totality of the circumstances indicates that the court had a proper basis for its conclusion that Walker should receive the sentence imposed.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4